Jessica N. Walker (State Bar No. 275398)
jwalker@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Tel:    213-629-6000
Fax:    213-629-6001

Jason C. Kravitz (pro hac vice to be requested)
jkravitz@nixonpeabody.com
Troy K. Lieberman (pro hac vice to be requested)
tlieberman@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
Tel:  617-345-1000
Fax:  617-345-1300

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO-GRIFFIN, Individually and On Behalf Of Others Similarly Situated,<br><br>                                Plaintiff,<br><br>vs.<br><br>DATA SOFTWARE SERVICES, LLC d/b/a ELEAD1ONE and DOES 1-10,<br><br>                                Defendant. | Case No.   **'17CV1151 MMAAGS**<br><br>**NOTICE OF REMOVAL** |

        Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, defendant Data Software Services,
LLC d/b/a Elead1One ("DSS") hereby removes the state court action commenced by plaintiff
Kelissa Ronquillo-Griffin ("Plaintiff") to the United States District Court for the Southern District
of California, and in support thereof, states the following:

## I.      PROCEDURAL HISTORY

        1.      On or about March 7, 2017, Plaintiff commenced a civil action in the Superior
Court of California, County of San Diego, Central Division, Unlimited Civil, Case No.  37-2017-

4817-9510-2281.5

1  00008178-CU-MC-CTL, by filing a complaint entitled "Complaint for Damages and Injunctive

2  Relief" ("State Action Complaint" or "SAC").

3      2.    The State Action Complaint sets forth claims for unlawful recording of cellular

4  communications under California Penal Code Section 632.7 and invasion of privacy/intrusion into

5  private affairs. SAC ¶¶ 48-63.

6      3.    Plaintiff alleges that, on March 29, 2017, the State Action Complaint and Summons

7  were personally served on DSS's agent at 18182 E. Santa Clara Avenue, Santa Ana, CA 92705.

8  DSS disputes that service was properly effectuated.

9      4.    DSS's counsel received a copy of the State Action Complaint from Plaintiff's

10  counsel via electronic mail on or about May 18, 2017. A true and complete copy of the State

11  Action Complaint, as received from Plaintiff's counsel, is attached as Exhibit A.

12      5.    Prior to receiving the State Action Complaint, DSS's counsel was alerted by

13  Plaintiff's counsel to a pending lawsuit filed by Plaintiff against DSS in the U.S. District Court

14  for the Southern District of California, Case No. 17-cv-0443-WQH-MDD (the "Federal Class

15  Action"). During correspondence regarding the Federal Class Action, Plaintiff's Counsel

16  indicated that Plaintiff had also filed suit against DSS in the State Action Complaint.

17      6.    In the Federal Class Action, Plaintiff alleges violations by DSS of the Telephone

18  Consumer Protection Act, 47 U.S.C. 227 (the "TCPA"). The underlying facts of the Federal Class

19  Action are nearly identical to the State Action Complaint.

20      7.    On its face, the State Action Complaint did not appear to qualify for removal under

21  the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and

22  1453. Specifically, it did not reveal on its face that there was sufficient amount in controversy to

23  support jurisdiction under CAFA.

24      8.    However, upon receiving the State Action Complaint from Plaintiff's counsel,

25  DSS undertook its own investigation into the facts stated therein. Based on Plaintiff's allegations

26  of the putative class, DSS discovered that based on the number of calls placed and received by

27  DSS in California and the statutory damages of $5,000 per occurrence, the amount in controversy

28

4817-9510-2281.5

exceeds $5,000,000.[1] To be clear, DSS does not concede that it has violated any statute and does not admit it is liable for any damages.

9.     DSS did not ignore pleadings or other documents from which removability could have been ascertained and then seek removal only when it became strategically advantageous to do so.  Rather, DSS filed this notice of removal immediately upon completing its investigation, which was less than thirty (30) days after receiving the State Action Complaint from Plaintiff's counsel. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

10.     Because the State Action Complaint was indeterminate on its face regarding the basis for removal and DSS removed the case as soon as it completed its independent investigation, removal is timely.  *See Roth*, 720 F.3d at 1125; 28 U.S.C. § 1446(b)(3), 1446(c)(3)(A).

11.     Consistent with the procedures governing the removal of a "class action," as that term is defined under 28 U.S.C. § 1332(d)(1), the Notice of Removal is being filed solely by DSS since, under CAFA, a "class action ... may be removed by any defendant without the consent of all defendants." *See* 28 U.S.C. § 1453(b).

12.     At this time, Plaintiff has not identified "Does 1-10," the persons alleged to be "responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff."[2] SAC ¶ 12. Therefore, as the only named defendant, DSS alone files this Notice of Removal.

13.     As set forth below, the underlying jurisdictional basis for DSS's removal of the State Action Complaint is set forth within 28 U.S.C. § 1332(d)(2), the requirements of which are satisfied in connection with the State Action Complaint.

---

[1] In the State Action Complaint, Plaintiff cites to California Penal Code § 632.7, which is a criminal statute with no private right of action.  Presumably, Plaintiff intended to reference California Penal Code § 637.2, which provides for damages in the amount of $5,000 per violation. *See, e.g.,* SAC ¶ 24, 54.  Plaintiff does refer to Cal. Pen. Code § 637.2 in her Prayer for Relief.

[2] Plaintiff has, however, alleged that "Does 1-10" were the employees or agents of DSS. SAC ¶ 12.

NOTICE OF REMOVAL

## II.    THE PARTIES

14.    The named plaintiff in the State Action Complaint, Kelissa Ronquillo-Griffin, is a resident and citizen of the state of California. SAC ¶ 9.

15.    The State Action Complaint contains various allegations ostensibly in support of the requisite elements necessary to justify certification of the lawsuit by the court as a class action, e.g., numerosity, commonality, typicality, adequacy, predominance, and superiority.

16.    Defendant DSS is a Georgia limited liability company with a principal place of business located in Valdosta, Georgia.

17.    Defendants Does 1-10 are fictitious names of unknown employees or agents alleged to be "responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff." SAC ¶ 12. As their identity is unknown, Defendant DSS cannot speculate as to their state of residency.

## III.    ALLEGATIONS OF FACT

18.    DSS is an entity that provides, among other things, customer relationship management ("CRM") software services as well as affiliated call center services to car dealerships.

19.    One of the services provided by DSS involves initiating and receiving phone calls to vehicle owners regarding maintenance and other issues.

20.    Plaintiff alleges that she received a phone call from DSS on or about September 7, 2016 to her cellular phone ending in "4799," in which a prerecorded message requested that Plaintiff return the call for an important message about her vehicle. SAC ¶¶ 14-15.

21.    Plaintiff alleges that when she returned the call as instructed in the prerecorded message, "it became apparent that Defendant's call was purely made for marketing purposes." *Id.* ¶¶ 16-18.

22.    Plaintiff alleges that DSS recorded the call without warning or advisement to Plaintiff. *Id.* ¶¶ 19, 21.

23.    Plaintiff alleges that she asked DSS's agent on the call if the call was recorded and was told that it was not. *Id.* ¶ 20.

24.    Plaintiff alleges – without citing any evidence – that, notwithstanding the agent's answer and lack of warning, DSS records all of its inbound and outbound telephone calls, including the call with Plaintiff. *Id.* ¶ 22.

25.    Plaintiff alleges that this unauthorized recording without her consent caused her to be "shocked, upset, and angry" and violated California Penal Code § 632.7(a). *Id.* ¶¶ 23-24.

26.    Plaintiff also alleges that such unauthorized recording violated California's statutory and common law against unlawful intrusion into a person's private affairs. *Id.* ¶ 25.

27.    Plaintiff thus asserts two class action claims for relief against DSS: violation of California Penal Code § 632.7(a), *Id.* ¶¶ 48-55, and invasion of privacy/intrusion into private affairs. *Id.* ¶¶ 56-63.

28.    Plaintiff alleges that she and others similarly situated are entitled to $5,000 in actual and statutory damages for each violation of California Penal Code § 632.7(a). *Id.* ¶ 54.

## IV.    CLASS ALLEGATIONS

29.    The State Action Complaint identifies one class of plaintiffs and asserts various allegations respecting the purported propriety of the action proceeding as a class action consistent with Federal Rules of Civil Procedure 23(a), 23(b)(3), and/or 23(b)(2). For example, the State Action Complaint includes allegations purporting to establish numerosity, commonality, typicality, adequacy, predominance, and superiority. SAC ¶ 33.

30.    The State Action Complaint proposes a Class defined as "[a]ll persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent/s within the one year prior to the filing of the Complaint." *Id.* ¶ 34.

31.    Plaintiff alleges that members of the class for whose benefit this action is brought are so numerous that joinder of all members would be impractical, as DSS called "at least several hundreds" of persons. *Id.* ¶ 37.

32.    Plaintiff alleges that there are common questions of law and fact as to the class that predominate over questions affecting only individuals. *Id.* ¶¶ 38, 42.

33.    Plaintiff alleges that her injuries are typical to the other class members. *Id.* ¶ 39.

34.    Plaintiff alleges that she will fairly and adequately represent the interests of the class. *Id.* ¶ 41.

35.    Plaintiff alleges that class action is superior to other available methods for the fair and efficient adjudication of this controversy. *Id.* ¶ 43.

## V.    REMOVAL IS PROPER ON THE BASIS OF DIVERSITY JURISDICTION UNDER CAFA

36.    The claims raised in the State Action Complaint are removable from the Superior Court of California, County of San Diego, Central Division, to this Court.

37.    Under CAFA, diversity jurisdiction exists in a "class action," as that term is specifically defined under 28 U.S.C. §1332(d)(1)(B), where the matter in controversy exceeds the sum of $5,000,000 and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

38.    The State Action Complaint meets the definition of a "class action" under CAFA, 28 U.S.C. §1332(d)(1)(B), because it was filed pursuant to Federal Rule of Civil Procedure 23 and/or a similar state law that authorizes an action to be brought by one or more representative persons as a class action, and contains allegations directed at meeting the requirements for certification of a class action.

39.    "Minimal" diversity jurisdiction exists under CAFA because the named plaintiff and the putative class of plaintiffs (all identified as California residents) are citizens of the state of California and at least one defendant, DSS, is a citizen of another state, namely, Georgia. *See* SAC ¶¶ 9-10.

40.    The State Action Complaint itself sets forth only those damages allegedly owed to Plaintiff for her one instance of alleged violation of California Penal Code § 632.7(a), amounting to $5,000. *Id.* ¶ 54.

41.    However, according to a reasonable reading of the State Action Complaint, the amount in controversy exceeds $5,000,000 in the aggregate, as follows:

a. Every member of the putative class seeks maximum statutory damages pursuant to California Penal Code § 632.7(a), amounting to $5,000 per violation. *See* SAC ¶ 54.[3]

b. Based on California Penal Code § 632.7(a) statutory damages alone, to meet the $5,000,000 amount in controversy threshold, the number of violations would need to number at least 1,000.[4]

c. Plaintiff alleges that every call placed or received by Defendant is recorded without authorization, SAC ¶ 22, and, per this reasoning, each and every call placed or received by DSS to or from a California resident is a violation of California Penal Code § 632.7(a) meriting damages of $5,000 per violation pursuant to California Penal Code § 637.2(a).

d. Defendant estimates that it has placed or received at least 1,000 calls to or from California residents.

e. Accordingly, the amount in controversy threshold of $5,000,000 is satisfied based on the allegations of the State Action Complain and DSS's records.

42.    None of the enumerated statutory exceptions apply in this case. The exception allowing the Court discretion to decline to exercise jurisdiction, 28 U.S.C. § 1332(d)(3), does not apply as DSS is the primary defendant and is not a citizen of the state in which this case was filed, California.

43.    The local controversy exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A), does not apply because a nearly identical class action asserting the same and similar factual allegations was filed by Plaintiff, and others similarly situated against DSS in the Federal Class Action. A true and complete copy of the Complaint filed in the Federal Class Action is attached as Exhibit B.

---

3 As noted prior, Plaintiff may only seek damages for a violation of California Penal Code § 632.7(a) under the private cause of action permitted in California Penal Code § 637.2(a).

4 See n. 3.

44.     The home state exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B), does not apply because DSS is a primary defendant and is not a citizen of the state in which this case was filed, i.e., California.

45.     This Notice is signed and submitted by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, DSS removes this action from the Superior Court of California, County of San Diego, Central Division, to the United States District Court for Southern District of California.


Dated:          June 8, 2017                         NIXON PEABODY LLP


                                                     By: */s/ Jessica N. Walker*
                                                         Jessica N. Walker
                                                         Jason C. Kravitz
                                                         Troy K. Lieberman

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Data Software Services, LLC d/b/a ELEAD1ONE & DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kelissa Ronquillo-Griffin, individually and on behalf of others similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/07/2017** at 03:38:22 PM
Clerk of the Superior Court
By Tamara Parra,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Ct. of CA, County of San Diego | CASE NUMBER: *(Número del Caso):* 37-2017-00008178-CU-MC-CTL |

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Swigart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego; 619-233-7770

| DATE: **03/08/2017** *(Fecha)* | Clerk, by *(Secretario)* | *sam Parra* T. Parra | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
| --- | --- | --- |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Joshua B. Swigart, Esq. (SBN: 225557); Yana Hart, Esq. (SBN: 306499) <br> Hyde & Swigart <br> 2221 Camino Del Rio South, Suite 101, San Diego, CA 92108 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO: 619-233-7770    FAX NO: 619-297-1022 <br> ATTORNEY FOR *(Name)*: Plaintiff Kelissa Ronquillo-Griffin | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br> **03/07/2017** at 03:38:22 PM <br> Clerk of the Superior Court <br> By Tamara Parra, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
K. Ronquillo-Griffin v. Data Software Services, LLC, et al

| **CIVIL CASE COVER SHEET** <br> ☑ Unlimited   ☐ Limited <br> (Amount          (Amount <br> demanded       demanded is <br> exceeds $25,000)  $25,000 or less) | **Complex Case Designation** <br> ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> 37-2017-00008178-CU-MC-CTL |
|---|---|---|
| | | JUDGE: Judge Joel M. Pressman <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 1; Violations of Cal. Penal Code §632.7, and 2; Invasion of Privacy
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/07/2017
Joshua B. Swigart
_____
(TYPE OR PRINT NAME)                    ► _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Counsel on Signature Page

*Attorneys for Plaintiff,*
*Kelissa Ronquillo-Griffin*

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/07/2017** at 03:38:22 PM
Clerk of the Superior Court
By Tamara Parra, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO - CENTRAL DIVISION - UNLIMITED CIVIL

| | |
|---|---|
| **KELISSA RONQUILLO-GRIFFIN, individually and on behalf of others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br><br>**DATA SOFTWARE SERVICES, LLC d/b/a ELEAD1ONE & DOES 1-10,**<br><br>**Defendants.** | Case No: 37-2017-00008178-CU-MC-CTL<br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS UNDER CALIFORNIA PENAL CODE SECTION 632.7**<br><br>2. **INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS**<br><br>**JURY TRIAL DEMANDED**<br><br>**UNLIMITED CIVIL CASE**<br><br>**[IMAGED FILE]** |

1

## INTRODUCTION

1.  Kelissa Ronquillo-Griffin ("Plaintiff"), individually and on behalf of all others similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Data Software Services, LLC, d/b/a Elead1One (hereinafter, referred to as "Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities and Does 1-10 for unauthorized recordings of conversations with Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 630, *et seq.* ("CIPA").

2.  The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation.  California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on her personal knowledge.

4.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5.  All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6.  Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

2

1    assigns, principals, trustees, sureties, subrogees, representatives, and insurers of

2    the named Defendant.

3                      **Jurisdiction and Venue**

4    7.    Jurisdiction of this court is proper for violation of the CIPA, California Penal

5         Code §§ 630, *et seq*., pursuant California Code of Civ. Pro. § 410.10.

6    8.    Venue is proper in the Superior Court of California, County of San Diego,

7         Central Division for the following reasons: (i) Plaintiff resides in the city of San

8         Diego, County of San Diego, State of California which is within this division;

9         (ii) the conduct alleged herein occurred within this division; and, (iii) many of

10      the acts and transactions giving rise to this action occurred in this division

11      because Defendant: (a) is authorized to conduct business in this division and has

12      intentionally availed itself of the laws and markets within this division; (b)does

13      substantial business within this division; (c) is subject to personal jurisdiction in

14      this division because it has availed itself of the laws and markets within this

15      division; and, (d) the harm to Plaintiff occurred within this division.

16                         **Parties**

17    9.    Plaintiff is, and at all times mentioned herein was, an individual citizen and

18      resident of the State of California, City of San Diego, in this judicial district.

19    10.   Plaintiff is informed and believes, and thereon alleges, that that Defendant is,

20      and at all times mentioned herein was, a limited liability company organized

21      under the laws of Georgia, registered to conduct business in the State of

22      California.

23    11.   Plaintiff alleges that at all times relevant herein Defendant conducted business in

24      the State of California, in the County and City of San Diego, within this judicial

25      district.  Defendant is, and at all times mentioned herein was, a "person", as

26      defined by Cal. Pen. Code § 632(b).

27    12.   The true names and capacities of Defendants sued herein under California Code

28      of Civil Procedure § 474 as Does 1-10 are unknown to Plaintiff, who therefore

sues these Defendants by such fictitious names.  Plaintiff will seek to amend this Complaint and include these Doe Defendants' true names and capacities when they are ascertained.  The fictitiously named Defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff.

13.  At all times mentioned in the causes of action alleged herein, each and every Defendant was the agent or employee of each and every other Defendant.  In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of his agency or employment and was acting with the consent, permission, authorization, direction and initiative of each of the remaining Defendants.  All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other Defendant, whether officers or managing agents.

### FACTUAL ALLEGATIONS

14.  On or about September 7, 2016, Defendant initiated a telephone call from 619-822-2956 to Plaintiff's cellular phone ending with "4799."

15.  During the telephone call, a pre-recorded voice stated that Defendant has an important message about Plaintiff's vehicle and requested for Plaintiff to return the call.

16.  On or about September 7, 2016, Plaintiff called back to Defendant's number 619-822-2956 for more information.

17.  During Plaintiff's telephone call, an automated message played the message:

> Thank you for returning our call. We have an important matter to discuss with you regarding your vehicle. This will only take a moment. Please hold on the line for the next available agent.

18.  After a pause, Defendant's agent came on the line and immediately requested Plaintiff's cellular phone number.  Plaintiff provided he number because she thought Defendant was calling about a recall or some other important

4

information about her current vehicle.  Shortly after speaking with Defendant's representative, it became apparent that Defendant's call was purely made for marketing purposes.

19.  At no point during the conversation with Defendant was Plaintiff advised that the conversation was being recorded by Defendant.

20.  At the end of Plaintiff's approximately one minute conversation with Defendant's representative, Plaintiff asked if the conversation was recorded, to which the representative falsely answered "no".

21.  During the telephone conversation, Defendant did not cause to be played intermittent beeping tones that may have alerted Plaintiff to the presence of call recording.

22.  Upon information and belief, Defendant records all of its inbound and outbound telephone calls for quality assurance purposes, including the call between Plaintiff and Defendant above.

23.  Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant audio recorded one or more private cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

24.  California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]".  California Penal Code § 637.2 permits Plaintiff to bring

5

this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

25. Defendant recorded or otherwise made an unauthorized connection to the Plaintiff's conversation with Defendant and its employees in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

26. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded a communication transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

28. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the call would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

29. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

30. Defendant, and its employees and agents, surreptitiously recorded a call made by Defendant to Plaintiff. At no time before the call was Plaintiff warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the call would be recorded.

31. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

32. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this lawsuit as a class action on behalf of herself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

34. Plaintiff proposes the following Class consisting of and defined as follow:

> All persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent/s within the one year prior to the filing of the Complaint.

35. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

36. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

37. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called at least several hundreds of class members nationwide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

7

38. <u>Commonality:</u> There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any call with the Class Members;

- Whether Defendant had, and continue to have, a policy during the relevant period of recording telephone calls made to the Class Members;

- Whether Defendant's policy or practice of recording telephone communications with Class Members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;

- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

39. <u>Typicality</u> Plaintiff's conversation was unlawfully recorded without a warning of such recording, and thus, her injuries are also typical to Class Members.

40. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded the Plaintiff and Class Members' conversations with Defendant, and Defendant invading the privacy of said Plaintiff and Class. Plaintiff and Class Members were damaged thereby.

41. <u>Adequacy:</u> Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving

8

consumer actions and violations of the California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

42. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

43. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

(1)    Class-wide damages are essential to induce Defendants to comply with California law.

(2)    Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

(3)    Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

(4)    Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

(5)    Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

(6)    Absent a class action, Class Members will continue to incur

9

1    damages, and Defendant's misconduct will continue without remedy.

2    44.    Plaintiff and the Class Members have all suffered and will continue to suffer

3    harm and damages as a result of Defendant's unlawful and wrongful conduct. A

4    class action is also superior to other available methods because as individual

5    Class Members have no way of discovering that Defendant recorded their

6    telephone conversations without Class Members' knowledge or consent,

7    especially since Defendant's representatives at times falsely state that they do

8    not record such conversations.

9    45.    The Class may also be certified because:

10        • the prosecution of separate actions by individual Class Members would

11            create a risk of inconsistent or varying adjudication with respect to

12            individual Class Members, which would establish incompatible standards

13            of conduct for Defendant;

14        • the prosecution of separate actions by individual Class Members would

15            create a risk of adjudications with respect to them that would, as a

16            practical matter, be dispositive of the interests of other Class Members

17            not parties to the adjudications, or substantially impair or impede their

18            ability to protect their interests; and

19        • Defendant has acted or refused to act on grounds generally applicable to

20            the Class, thereby making appropriate final and injunctive relief with

21            respect to the members of the Class as a whole.

22    46.    This suit seeks only damages and injunctive relief for recovery of economic

23    injury on behalf of Class Members and it expressly is not intended to request

24    any recovery for personal injury and claims related thereto. Plaintiff reserves

25    the right to expand Class definitions to seek recovery on behalf of additional

26    persons as warranted as facts are learned in further investigation and discovery.

27

28

Class Complaint for Damages and Injunctive Relief

47.  The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class Members can be identified through Defendant's records.

### FIRST CAUSE OF ACTION

### ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS

### UNDER CALIFORNIA PENAL CODE § 632.7

48.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49.  At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

50.  At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

51.  At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members that their cellular telephone communications with Defendant would be recorded.

52.  Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

53.  This conduct by Defendant violated section 632.7(a) of the California Penal Code.

54.  Plaintiff and Class Members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

55.  Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

### SECOND CAUSE OF ACTION

### INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS

56.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

Class Complaint for Damages and Injunctive Relief

57. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

58. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

59. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members that their cellular telephone communications with Defendant would be recorded.

60. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

61. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

62. Plaintiff and Class Members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

63. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

///
///
///
///
///
///
///
///
///
///

12

1              PRAYER FOR RELIEF

2       WHEREFORE, Plaintiff and the Class Members pray that judgment be entered

3  against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

4  •      Certify the Class as requested herein;

5  •      Appoint Plaintiff to serve as the Class Representative for the Class;

6  •      Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class;

7       In addition, Plaintiff and the Class Members pray for further judgment as

8  follows against Defendant:

9  **ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS**

10              **UNDER CALIFORNIA PENAL CODE § 632.7**

11  •      Special, general, compensatory and punitive damages;

12  •      As a result of Defendant's violation of California Penal Code Sections 630 *et*

13         *seq.*, Plaintiff seeks statutory damages of $5,000.00 pursuant to California Penal

14         Code § 637.2(a);

15  •      Reasonable attorneys' fees and litigation costs pursuant to Cal. Code of Civ.

16         Proc. § 1021.5;

17  •      Injunctive relief to prevent the further occurrence of such illegal acts pursuant to

18         California Penal Code § 637.2(b);

19  •      An award of costs to Plaintiff and;

20  •      Any other relief the Court may deem just and proper including interest.

21              **INVASION OF PRIVACY**

22              **INTRUSION INTO PRIVATE AFFAIRS**

23  •      Special, general, compensatory and punitive damages;

24  •      Reasonable attorneys' fees and litigation costs pursuant to Cal. Code of Civ.

25         Proc. § 1021.5;

26  •      Injunctive relief, prohibiting such conduct in the future; and,

27  •      Any other relief the Court may deem just and proper.

28  ///

                          13

Class Complaint for Damages and Injunctive Relief

1

**TRIAL BY JURY**

2    64.    Pursuant to the seventh amendment to the Constitution of the United States   of

3    America, Plaintiff and Class Members are entitled to, and demands, a trial by jury.

4

5                                           Respectfully submitted,

6                                           **HYDE & SWIGART**

7    Date:  March 7, 2017              By: _____

8                                           Joshua B. Swigart, Esq.
                                            josh@westcoastlitigation.com
9                                           Attorney for Plaintiff

10

11

12

13    Additional Attorneys for Plaintiff:

14    Abbas Kazerounian, Esq. (SBN: 249203)
      ak@kazlg.com
15    Jason A. Ibey, Esq. (SBN: 284607)
      jason@kazlg.com
16    **KAZEROUNI LAW GROUP, APC**

17    245 Fischer Avenue
      Costa Mesa, CA 92626
18    Telephone: (800) 400-6808
      Facsimile: (800) 520-5523
19

20

21

22

23

24

25

26

27

28

                                         14

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

PLAINTIFF(S) / PETITIONER(S):    Kelissa Ronquillo-Griffin

DEFENDANT(S) / RESPONDENT(S):  Data Software Services LLC

RONQUILLO-GRIFFIN VS DATA SOFTWARE SERVICES LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2017-00008178-CU-MC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Joel M. Pressman                                    Department: C-66

**COMPLAINT/PETITION FILED:** 03/07/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/11/2017 | 08:30 am | C-66 | Joel M. Pressman |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:   Central | |

PLAINTIFF(S):   Kelissa Ronquillo-Griffin

DEFENDANT(S): Data Software Services LLC DBA Elead1one

SHORT TITLE:   RONQUILLO-GRIFFIN VS DATA SOFTWARE SERVICES LLC [E-FILE]

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00008178-CU-MC-CTL |
|---|---|

Judge: Joel M. Pressman                                         Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                    Name of Defendant

_____          _____
Signature                                             Signature

_____          _____
Name of Plaintiff's Attorney                        Name of Defendant's Attorney

_____          _____
Signature                                             Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/08/2017                          _____
                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00008178-CU-MC-CTL     CASE TITLE: Ronquillo-Griffin vs Data Software Services LLC [E-FILE]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# EXHIBIT B

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KELISSA RONQUILLO-GRIFFIN, individually and on behalf of all others similarly situated | DATA SOFTWARE SERVICES, LLC d/b/a ELEAD1ONE |

| (b) County of Residence of First Listed Plaintiff    San Diego | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Yana A. Hart, Esq., Hyde & Swigart, 2221 Camino Del Rio South Suite 101, San Diego CA 92108 | Attorneys *(If Known)*<br><br>**'17 CV0443 WQHMDD** |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227, et seq. ("TCPA")

Brief description of cause:
Defendant violated Telephone Consumer Protection Act

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $<br>5,000,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>03/03/2017 | SIGNATURE OF ATTORNEY OF RECORD<br>s/ Yana A. Hart |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

Print    Save As...    Reset

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorneys for Plaintiff,*
*Kelissa Ronquillo-Griffin*

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KELISSA RONQUILLO-GRIFFIN, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DATA SOFTWARE SERVICES, LLC d/b/a ELEAD1ONE,**<br><br>**Defendant.** | Case No.: **'17 CV 0443 WQHMDD**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT                                             1

**INTRODUCTION**

1.  Plaintiff Kelissa Ronquillo-Griffin ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant Data Software Services, LLC, d/b/a Elead1One (hereinafter, referred to as "Defendant") in negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

2.  The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

> *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

HYDE & SWIGART

on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. *See* 47 U.S.C. §227(b).

6.  Defendant continuously conducts business in California.  Defendant is also registered in the State of California.

7.  Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant placed unlawful calls to Plaintiff in this judicial district.

8.  Upon information and belief, Defendant regularly and continuously conducts business in the State of California, and thus, personal jurisdiction is established.

## PARTIES

9.  Plaintiff is and was, at all times mentioned herein, is a natural person that resided in the County of San Diego, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a limited liability company organized under the laws of Georgia, registered to conduct business in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

HYDE & SWIGART

Case 3:17-cv-00443-WQH-MDD    Document 1    Filed 03/03/17    PageID.4    Page 4 of 11

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

### FACTUAL ALLEGATIONS

12. Defendant is a marketing company, which provides software and call center services in automobile retail industry. Defendant offers call center agents to accommodate various motor companies such as Ford, Chrysler, Infinity, Hyundai, Kia, Nissan, and Chevrolet.

13. Defendant regularly makes autodialed telephone calls with a pre-recorded message to consumers in order to market various vehicles.

14. Sometime around August of 2016, Plaintiff obtained a new cellular number ending with "4799."

15. Upon information and belief, Plaintiff did not provide her number to Defendant or Defendant's agents.

16. On or about September 7, 2016, Defendant initiated a marketing telephone call from 619-822-2956 to Plaintiff's cellular phone ending with "4799," using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. During Defendant's telephone call to Plaintiff's cellular telephone on or about September 7, 2016, a robotic pre-recorded message played requesting Plaintiff to return Defendant's call regarding an important message about Plaintiff's vehicle.

18. Plaintiff did not provide Defendant or its agent with a "prior express consent" nor written consent to receive calls to her cellular telephone, including those calls by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227(b)(1)(A).

19. On or about September 7, 2016, Plaintiff called Defendant back at

HYDE & SWIGART

CLASS ACTION COMPLAINT                                    4

1
2  Defendant's number 619-822-2956 for more information.

20.  During Plaintiff's phone call, an automated message played the message:

> Thank you for returning our call. We have an important matter to discuss with you regarding your vehicle. This will only take a moment. Please hold on the line for the next available agent.

21.  After the pre-recorded message and a pause, Defendant's agent came on the line and requested Plaintiff's cellular phone number.

22.  During the call, Plaintiff inquired as to the reason(s) for Defendant's initial telephone call to Plaintiff's cellular phone, and it shortly became apparent that Defendant's initial call was made for marketing purposes and not in regards to Plaintiff's current vehicle.

23.  Plaintiff requested Defendant to remove Plaintiff's cellular number from Defendant's autodial list.

24.  Upon information and belief, Defendant's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25.  Upon information and belief, the telephone equipment used by Defendant to place the calls at issue has the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

26.  Defendant did not have prior express consent nor written consent to place marketing calls to Plaintiff's cellular number and falsely entice individuals to return Defendant's marketing calls.

27.  Defendant's marketing calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

HYDE & SWIGART

CLASS ACTION COMPLAINT                    5

28. Defendant's marketing call was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted call using an ATDS and/or prerecorded voice for marketing purposes.

30. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

31. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

32. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

33. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1)(A)(iii).

### CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

35. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

HYDE & SWIGART

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones for marketing purposes by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)    Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to

HYDE & SWIGART

CLASS ACTION COMPLAINT        7

the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

b)    Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

c)    Whether Defendant's conduct was knowing and/or willful;

d)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e)    Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

41. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in

HYDE & SWIGART

individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

CLASS ACTION COMPLAINT                                    9

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

## NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Attorneys' fees and litigation costs;
- Prejudgment interest; and
- Any other relief the Court may deem just and proper.

HYDE & SWIGART

## KNOWING/WILLFUL VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Attorneys' fees and litigation costs;

- Prejudgment interest; and,

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.


Dated: March 3, 2017                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                              By: s/ YANA A. HART, ESQ.
                                  YANA A. HART, ESQ.
                                  YANA@WESTCOASTLITIGATION.COM
                                  ATTORNEY FOR PLAINTIFF

HYDE & SWIGART

AO 441    Summons in a Civil Action

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Kelissa Ronquillo-Griffin, Individually and On Behalf
of All Others Similarly Situated

*Plaintiff*

**V.**

Data Software Services, LLC, doing business as
Elead1One

*Defendant*

Civil Action No.  17cv443-WQH-MDD

## SUMMONS IN A CIVIL ACTION

To:  *(Defendant's name and address)*

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an office or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) - You must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Yana A. Hart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
619-233-7770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Date:  _____3/6/17_____

John Morrill
*CLERK OF COURT*
S/          L. Fincher
*Signature of Clerk or Deputy Clerk*

AO 441    Summons in a Civil Action                                                                                                    (Page 2)

**Civil Action No.** 17cv443-WQH-MDD                          Date Issued:          3/6/17

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

    I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

    I left the summons at the individual's residence or place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

    I served the summons on *(name of the individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

    I returned the summons unexecuted because _____; or

Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's Signature*

_____
*Printed name and title*

_____
*Server's address*

---

<u>NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE JUDGE</u>

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEDDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOUL BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.